UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBANPREET SINGH, | No. 1:26-cv-02224-DAD-EGC (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, et al., | (Doc. 1) |
| | [14-DAY DEADLINE] |
| Respondents. | |

## I.    INTRODUCTION

Petitioner Robanpreet Singh is an immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). He challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE"). He claims his prolonged detention without a bond hearing violates his procedural due process rights under the Fifth Amendment, and that he should be provided a bond hearing before an immigration judge ("IJ") at which the Government must justify his continued detention by clear and convincing evidence.

Respondents filed an answer and opposition on June 4, 2026. (Doc. 8). Petitioner filed a traverse on July 6, 2026. (Doc. 9). Both parties agree the matter may be resolved without a hearing. (Doc. 8 at 1; Doc. 9 at 2). For the reasons discussed below, the undersigned recommends that the

1

petition be granted and that Respondents be directed to provide Petitioner an individualized bond hearing.

## II.    BACKGROUND

Petitioner is a native and citizen of India.  (Doc. 1 at 2; Doc. 8 at 1).  He entered the United States on October 30, 2022, without inspection.  (*Id.*; Doc. 8, Ex. 2).  On November 1, 2022, he was served with a Notice to Appear charging him as inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and placed into removal proceedings.  (Doc. 8, Ex. 2).  That is the sole charge of removability.  (*Id.*).  He was then released from custody. (Doc. 8 at 1).

On December 12, 2024, Petitioner was convicted of violating California Penal Code § 136.1(b)(2), preventing or dissuading a witness from prosecution, and was sentenced to two years in prison.  (Doc. 8, Ex. 4).  After release from criminal custody, on February 20, 2025, Petitioner was taken into ICE custody, where he remains.  (Doc. 8 at 2).  On March 10, April 7, May 19, July 8, July 29, August 26, and September 16, 2025, Petitioner appeared in immigration court; each hearing was continued at his request to provide additional documents in support of his applications for relief.  (*Id.*).  On December 17, 2025, the IJ denied relief and ordered Petitioner removed to India.  (*Id.*).  On January 8, 2026, Petitioner appealed to the Board of Immigration Appeals ("BIA"), and that appeal remains pending.  (*Id.*).

Petitioner previously challenged his detention.  *Singh v. Warden of the Golden State Annex Det. Facility*, No. 1:25-cv-01752-SKO ("Petition I").  On February 20, 2026, the Court denied Petition I, concluding that Petitioner was subject to mandatory detention under section 1226(c) as an aggravated felon and that due process did not then require a bond hearing, without prejudice to refiling should detention continue.  (Doc. 8, Ex. 1).  Petitioner has been detained approximately seventeen months and has never received a bond hearing or other individualized custody determination.  (*See* Doc. 8, Ex. 1 at 9).

//

//

## III.    DISCUSSION

**A.    Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020).  The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003).

**B.    Petitioner Is Not Subject to Mandatory Detention Under 8 U.S.C. § 1226(c)**

Section 1226(a) authorizes the Attorney General to detain a noncitizen pending a decision on removal and to release the noncitizen on bond, "[e]xcept as provided in subsection (c)."  Section 1226(c), in turn, "carves out a statutory category of aliens who may not be released" and, for those aliens, mandates detention without a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Whether Petitioner is entitled to a bond hearing therefore turns first on whether he falls within section 1226(c).  The undersigned concludes he does not, and that his detention is instead governed by the general, discretionary authority of section 1226(a).

Section 1226(c)(1) enumerates the categories of aliens subject to mandatory detention:

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title, (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title, (C) is deportable under section 1227(a)(2)(A)(i) . . . on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year, (D) is inadmissible under section 1182(a)(3)(B) . . . or deportable under section 1227(a)(4)(B), or (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) . . . and (ii) is charged with, is arrested for, [or] is convicted of . . . any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . . .

8 U.S.C. § 1226(c)(1).  The structure of this provision is central.  The INA distinguishes between two classes of noncitizens: those who have been "admitted" to the United States, whose removability is governed by the grounds of *deportability* in 8 U.S.C. § 1227, and those who have

3

not been admitted, whose removability is governed by the grounds of *inadmissibility* in 8 U.S.C. § 1182. *See* 8 U.S.C. § 1227(a) (grounds of deportability apply to "[a]ny alien . . . in and admitted to the United States"); 8 U.S.C. § 1182(a) (grounds of inadmissibility apply to aliens who "are ineligible to receive vias and ineligible to be admitted"). Section 1226(c)(1) tracks that division: subparagraph (A) reaches *inadmissible* aliens by reference to Section 1182, while subparagraphs (B), (C), and (D) reach *deportable* aliens by reference to Section 1227.

As relevant here, Petitioner entered the United States without inspection and has never been admitted or paroled. DHS charged him solely with inadmissibility under section 1182(a)(6)(A)(i), and the IJ ordered him removed on that ground, finding him *inadmissible* under Section 212(a)(6), not deportable under Section 1227. (Doc. 8, Exs. 2, 5.) Petitioner is therefore an inadmissible alien, and the subparagraphs of section 1226(c)(1) pertaining to *deportability* under section 1227 cannot apply here.

Respondents contend Petitioner is subject to mandatory detention because his conviction under California Penal Code Section 136.1(b)(2) is an aggravated felony. *See Godoy-Aguilar v. Garland*, 125 F.4th 985, 989–91 (9th Cir. 2025). The undersigned does not question that *Godoy-Aguilar* establishes that the conviction is an aggravated felony. However, the aggravated felony ground reaches mandatory detention only through section 1226(c)(1)(B), which requires that the alien be "deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(iii)." In turn, section 1227(a)(2)(A)(iii) reaches only an alien "convicted of an aggravated felony at any time *after admission*." 8 U.S.C. § 1227(a)(2)(A)(iii) (emphasis added). Because Petitioner was never admitted, he is not, and cannot be, "deportable" under section 1227(a)(2)(A)(iii). His aggravated felony conviction, though it supports his removal on other grounds, does not bring him within section 1226(c)(1)(B). Subparagraph (C), which likewise depends on deportability under section 1227, is inapplicable for the same reason, and subparagraph (D) concerns terrorism grounds which are not present here.

The undersigned notes that Petitioner also does not fall within any of the subparagraphs of section 1226(c)(1) that reach *inadmissible* aliens. Subparagraph (A) applies to an alien "inadmissible by reason of having committed any offense covered in section 1182(a)(2)." The

4

offenses "covered in section 1182(a)(2)" are principally crimes involving moral turpitude and controlled substance offenses. The category of "aggravated felony" appears nowhere in section 1182(a)(2). Thus, an aggravated felony conviction by itself does not render an alien inadmissible under section 1182(a)(2) or trigger subparagraph (A). The only section 1182(a)(2) ground that could conceivably apply is the crime-involving-moral-turpitude ground, but Petitioner's conviction is not a crime involving moral turpitude. In *Escobar v. Lynch*, 846 F.3d 1019 (9th Cir. 2017), the Ninth Circuit held that dissuading a witness in violation of California Penal Code §136.1(b)(1) is not categorically a crime involving moral turpitude, because the statute does not require an intent to injure, actual injury, or a corrupt or fraudulent purpose. Subdivision (b)(2), the provision of Petitioner's conviction, shares the same structure and mens rea and, unlike section 136.1(c), requires no element of force, threat, or malice. It is likewise not a categorical crime involving moral turpitude. In any event, DHS never charged any ground of criminal inadmissibility under section 1182(a)(2). The sole charge in the Notice to Appear is Section 1182(a)(6)(A)(i). (Doc. 8, Ex. 2). Therefore, subparagraph (A) does not apply.

Because none of the grounds of Section 1226(c)(1) reaches Petitioner, he is not subject to mandatory detention under section 1226(c). His detention is instead governed by section 1226(a), which authorizes detention pending removal proceedings but permits release on bond and does not prohibit an individualized bond hearing. To the extent the order denying Petition I concluded otherwise, that order reached its conclusion without addressing the "after admission" limitation of Section 1227(a)(2)(A)(iii), which the then-*pro se* petitioner did not raise. Respondents' alternative contention that Petitioner is mandatorily detained under section 1225(b)(2)(A) as an "applicant for admission" need not be resolved. As set forth below, Petitioner's prolonged detention entitles him to a bond hearing under the Due Process Clause regardless of whether the statutory authority for his detention is section 1226(a) or section 1225(b). *See A.E.*, 2025 WL 1424382 (ordering bond hearing for section 1225(b) detainee).

**C.      Petitioner's Prolonged Detention Without a Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth

5

Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. Courts in this circuit, including this Court, evaluate due process challenges and bond hearings in the immigration context and under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025).

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews*, 424 U.S. at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

i.    <u>Private Interest.</u>

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has now been detained approximately seventeen months, which is far beyond the six-month period the Supreme Court has treated as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. The Court is mindful that it "is not sufficient to simply count the months of detention," and that a substantial portion of the delay through late 2025 arose from continuances Petitioner requested and from his decision to seek relief and to appeal. *See Rodriguez Diaz*, 53 F.4th at 1208. At the time Petition I was decided, those considerations weighed heavily against Petitioner, whose detention then stood at roughly one year. Now, the calculus has shifted. Since the IJ's December 2025 removal order, the continued extension of Petitioner's detention has not been the product of his own requests for additional time. Rather, it is attributable to the pendency of his appeal before the BIA, which has now been pending for approximately six months without decision. As a result, on the present record—seveneeth

6

months of detention, no individualized hearing of any kind, and an appeal of indeterminate remaining length—the private-interest factor now weighs in Petitioner's favor.

ii.   Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received none. The order denying Petition I reasoned that the probable value of a hearing was diminished because "the danger to the public is self-evident" from Petitioner's criminal history. (Doc. 8, Ex. 1 at 9). On the fuller record now before the Court, and with the benefit of Petitioner's counseled submission, the Court reaches a different assessment. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Petitioner's conviction of record is for dissuading a witness; the violent counts on which the Government relies were dismissed pursuant to a negotiated plea and have never been adjudicated. Whatever the outcome of a bond hearing, where the Government may well carry its burden, the probable value of subjecting its allegations to individualized scrutiny after seventeen months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

iii.   Government's Interest.

The government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The government has a strong interest in effecting removal. *Demore*, 538 U.S. at 531. In addition, the government has a strong interest in protecting the public. But the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's

7

substantial liberty interest after seventeen months without review.

Weighing the *Mathews* factors, the Court concludes that Petitioner's continued detention under section 1226(a), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing. This conclusion does not conflict with the denial of Petition I, which determined detention under section 1226(c), and which was expressly without prejudice to seek renewal should detention continue. Here, detention has continued, the governing statute is section 1226(a) and not section 1226(c), and the *Mathews* factors favor an individualized bond hearing.

### IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.    The petition for writ of habeas corpus (Doc. 1) be **GRANTED**;

2.    Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez*, 631 F. Supp. 3d at 882 (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number,

when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 15, 2026**                          _____

UNITED STATES MAGISTRATE JUDGE